UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| LANCE RICHARD BROCK, | ) | |
|---|---|---|
| | ) | Case Nos. 1:18-cr-33; 1:20-cv-59 |
| *Petitioner*, | ) | |
| | ) | Judge Travis R. McDonough |
| v. | ) | |
| | ) | Magistrate Judge Susan K. Lee |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| *Respondent*. | ) | |

## MEMORANDUM OPINION

Before the Court is Petitioner's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 (Doc. 1 in Case No. 1:20-cv-59; Doc. 29 in Case No. 1:18-cr-33). For the reasons stated herein, Petitioner's motion is **DENIED**.

**I.     BACKGROUND**

In January 2018, a manager at the Red Roof Inn in Chattanooga, Tennessee reported to police that a man was knocking on random hotel-room doors. (Doc. 23 in Case No. 1:18-cr-33, at 3.) When police arrived, they found Petitioner in his vehicle on the hotel property. (*Id*.) The police requested he exit the car and patted him down. (*Id*.) They recovered a firearm from Petitioner's person. (*Id*.) Petitioner was subsequently charged with, and convicted of, felon-in-possession of a firearm in violation of 18 U.S.C. § 922(g).[1] (*Id*.) Petitioner did not file a direct appeal of his sentence and filed the instant motion for relief in March 2020. (Doc. 1 in Case No. 1:20-cv-59.)

---

[1] Petitioner's prior felony convictions include aggravated assault, domestic aggravated assault, and felony false reports. (Doc. 23 in Case No. 1:18-cr-33, at 3.)

Petitioner's motion is nearly illegible and contains numerous fantastical allegations.[2] Nonetheless, the Court agrees with the government that Petitioner appears to raise three claims: (1) that his conviction is invalid in light of *Rehaif v. United States*, 139 S. Ct. 2191 (2019); (2) that a prosecutor present at sentencing was biased because of a relationship to Petitioner's father's ex-girlfriend; and (3) counsel was ineffective for failing to dispute facts and allowing Petitioner to plead guilty. (Doc. 1 in Case No. 1:20-cv-59.)

## II. STANDARD OF LAW

To obtain relief under 28 U.S.C. § 2255, a petitioner must demonstrate: "(1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law . . . so fundamental as to render the entire proceeding invalid." *Short v. United States*, 471 F.3d 686, 691 (6th Cir. 2006) (quoting *Mallett v. United States*, 334 F.3d 491, 496–97 (6th Cir. 2003)). He "must clear a significantly higher hurdle than would exist on direct appeal" and establish a "fundamental defect in the proceedings which necessarily results in a complete miscarriage of justice or an egregious error violative of due process." *Fair v. United States*, 157 F.3d 427, 430 (6th Cir. 1998).

---

[2] For example, in response to the question of whether there are grounds for relief that Petitioner has never presented in federal court, Petitioner states: "all crimes are commercial and have value. That he cannot own property only use it. That H.R. 193 makes me bankrupt and Petitioner is a vassel to obtain revenue through discharge. That cannon natural law applies only to flesh and blood man. Not in legis entity created through fraud and deception holding him falsely imprisoned under admirality in violation of law merchant agreement . . ." (Doc. 1 in Case No. 1:20-cv-59, at 9 (errors in original).) In terms of relief, Petitioner requests a $13,000,000,000.00 trust for "addiction recovery," a halfway house "in Hardie Brock's name" and "Petitioner's student loans cleared." (*Id*. at 12.)

### III. ANALYSIS

#### A. Timeliness

Section 2255(f) imposes a one-year statute of limitations on all petitions for collateral relief under § 2255 running from the latest of: (1) the date when the judgment of conviction becomes final; (2) the date when the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action; (3) the date when the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (4) the date when the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence. 28 U.S.C. § 2255(f).

Petitioner's conviction became final on November 19, 2018, but he did not file the instant petition until March 2020. Fed. R. App. P. 4(b)(1)(A); (Docs. 26, 29 in Case No. 1:18-cr-33.) As a result, Petitioner's claims—except for his claim under *Rehaif*[3]—are untimely. To excuse the delay, Petitioner states that he was unable to access the law library for several months due to a lockdown at his place of incarceration. (Doc. 1 in Case No. 1:20-cv-59.) However, lack of access to the law library is not a basis for equitable tolling. *See United States v. Stone*, 68 F. App'x 563, 565–66 (6th Cir. 2003) (citing *Miller v. Marr*, 141 F.3d 976, 978 (10th Cir. 1998)). Given the Sixth Circuit's instruction to use the doctrine of equitable tolling "sparingly," the Court finds that Petitioner's claims regarding ineffective assistance and prosecutorial misconduct

---

[3] Petitioner's claim brought under *Rehaif* is timely. The Supreme Court issued its opinion in *Rehaif* on June 21, 2019. 139 S. Ct. 2191. The instant petition was filed in March 2020, within the one-year limitations period mandated by § 2255(f).

are untimely. *Jurando v. Burt*, 337 F.3d 638, 642 (6th Cir. 2003). However, even if Petitioner had timely raised his claims, they would still fail on the merits.

      **B.**      **Ineffective Assistance of Counsel**

Petitioner seems to allege that counsel should have objected to the factual basis of his plea and claims that he was never knocking on any doors at the hotel. (Doc. 1 in Case No. 1:20-cv-59, at 4.) He further states that he did not "knowing entered [sic] into contract with federal government or IRS giving know [sic] subject matter jurisdiction . . . however was mislead by counsel and entered into agreement by adhesion contract." (*Id*. at 5.)

To collaterally attack his conviction based on ineffective assistance of counsel, Petitioner must establish "that [his] lawyers performed well below the norm of competence in the profession and that this failing prejudiced [his] case." *Caudill v. Conover*, 881 F.3d 454, 460 (6th Cir. 2018) (citing *Strickland v. Washington*, 466 U.S. 668, 687 (1984)). The performance inquiry requires the defendant to "show that counsel's representation fell below an objective standard of reasonableness." *Strickland*, 466 U.S. at 688. The prejudice inquiry requires the defendant to "show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id*. at 694.

There is a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id*. at 689. Therefore, the Court should resist "the temptation to rely on hindsight . . . in the context of ineffective assistance claims." *Carson v. United States*, 3 F. App'x 321, 324 (6th Cir. 2001); *see also Strickland*, 466 U.S. at 689 ("A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time.").

If petitioner's allegations are "contradicted by the record, inherently incredible, or conclusions rather than statements of fact," no hearing is required. *Valentine v. United States*, 488 F.3d 325, 333 (6th Cir. 2007) (quoting *Arredondo v. United States*, 178 F.3d 778, 782 (6th Cir. 1999)). Such is the case here. Petitioner's allegations directly contradict his statements, made under oath, during his plea colloquy. (Doc. 18 in Case No. 1:18-cr-33.) As a result, the Court cannot conclude that Petitioner's counsel was deficient in any manner, and Petitioner's ineffective-assistance claim is denied.

### C. Prosecutorial Bias

Petitioner next alleges that Assistant U.S. Attorney ("AUSA") Steven S. Neff, who was present on behalf of the government at Petitioner's sentencing hearing, was biased against him because he had previously been supervised by then-District Judge Harry S. Mattice, Jr., and because Neff is allegedly related to Petitioner's father's ex-girlfriend. (Doc. 1 in Case No. 1:20-cv-59, at 7.)

Even if the Court considered Petitioner's claim timely, it fails on the merits because he cannot demonstrate any prejudice stemming from the purported prosecutorial bias. Indeed, Petitioner was sentenced at the bottom of his guidelines range, which was independently calculated by both the U.S. Probation Office and Judge Mattice. (*See* Docs. 23, 26 in Case No. 1:18-cr-33.) As a result, Petitioner's motion will be denied as to his claim of prosecutorial bias.

### D. *Rehaif*

Petitioner alleges that "Tennessee is an open carry state and inalienable rights cannot be infringed upon, [courts] cannot except [sic] a plea that infrindges on a single constitutional right." (Doc. 1 in Case No. 1:20-cv-59, at 1.) Later in the motion, Petitioner cites *Rehaif*, and,

consequently, the Court will construe Petitioner's allegations as a claim for relief pursuant to *Rehaif*.

In *Rehaif*, the Supreme Court held that, to obtain a conviction under 922(g), "the Government must prove both that the defendant knew he possessed a firearm and that he knew he belonged to the relevant category of persons barred from possessing a firearm." *United States v. Hobbs*, 953 F.3d 853, 855 (6th Cir. 2020). In *Hobbs*, a defendant made a similar challenge to the voluntariness of his plea based on *Rehaif*'s holding, which the Sixth Circuit reviewed for plain error. 953 F.3d at 857. It stated: "To prevail on plain error, Hobbs must identify (1) an error (2) that was obvious and clear, (3) that affected his substantial rights and (4) that affected the fairness, integrity, or public reputation of the judicial proceedings." *Id*. (internal citations omitted). "An error affects a defendant's substantial rights if there is a reasonable probability that, but for the error, the result of the proceeding would have been different." *Id*. (citing *Molina-Martinez v. United States*, 136 S. Ct. 1338, 1343 (2016)).

Petitioner has failed to demonstrate that the result of the proceeding would have been different if he had been informed that the government needed to prove that he knew he was a felon. Petitioner does not state that he was unaware of his status as a felon, but instead asserts that "Tennessee is an open carry state" and that the decision in *Rehaif* rendered his plea "unintelligent[]." (Doc. 1 in Case No. 1:20-cv-59, at 1, 5.) This is not sufficient to establish prejudice. *See Hobbs*, 953 F.3d at 857–58. Accordingly, Petitioner's *Rehaif* claim will be denied.

IV. **CONCLUSION**

For the reasons contained herein, Petitioner's motion (Doc. 1 in Case No. 1:20-cv-59; Doc. 29 in Case No. 1:18-cr-33) is **DENIED**. Should Petitioner give timely notice of an appeal

from this order, such notice will be treated as an application for a certificate of appealability, which is **DENIED** because he has failed to make a substantial showing of the denial of a constitutional right or to present a question of some substance about which reasonable jurists could differ. *See* 28 U.S.C. § 2253(c)(2); Fed. R. App. P. 22(b); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

**AN APPROPRIATE JUDGMENT SHALL ENTER**.

/s/ *Travis R. McDonough*
**TRAVIS R. MCDONOUGH**
**UNITED STATES DISTRICT JUDGE**